1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TARA O'GRADY-SULLIVAN,       )
                                    )
             Plaintiff,      )     Case No.  2:11-cv-00839-MMD-CWH
                                    )
vs.                            )     **ORDER**
                                    )
STATE OF NEVADA, *et al*.,      )
                                    )
             Defendants.    )
_____)

     This matter is before the Court on State Defendants' Motion to Stay Discovery Pending Court's Ruling on Motion for Summary Judgment (#65), filed June 15, 2012.  The Court also considered Plaintiff's Combined Opposition (#75), filed July 20, 2012.

## BACKGROUND

     On December 30, 2010, Plaintiff Tara O'Grady-Sullivan ("Plaintiff) filed a complaint asserting various state torts as well as claims under 28 U.S.C. § 1983 based on her arrest and detention between December 31, 2008 and January 2, 2009 against Defendants State of Nevada *ex rel*. Department of Public Safety, Highway Patrol Division, Chris Perry, and Chris Bennett ("State Defendants") and Nye County, Anthony Demeo, and John Peter Hegge ("Nye County Defendants").  On December 15, 2011, the Court entered an order granting in part and denying in part Defendants' motion to dismiss.

     On May 25, 2012, State Defendants filed a motion for summary judgment (#61) and on June 11, 2012, Nye County Defendants filed their joinder (#62).  Defendants contend that summary judgment is warranted because Chris Perry and Chris Bennett are entitled to qualified immunity as to Plaintiff's federal cause of action and discretionary immunity as to Plaintiff's state causes of action.  On June 15, 2012, State Defendants filed their motion to stay discovery (#65) and Nye County Defendants filed their joinder on June 22, 2012 (#66).  In doing so, Defendants argue that

staying discovery until the issue of immunity is decided is appropriate because it is immunity from suit rather than a mere defense to liability.  Defendants' assert that they should not be required to engage in expensive and time consuming preparation as immunity determinations should be made at the earliest stages of litigation.  In response, Plaintiff contends that Defendants' motion for summary judgment fails to seek immunity as to many of the claims.  Also, Plaintiff asserts that the specific nature of the claims requires discovery to determine material facts that are in dispute.

### DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation.  Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery."  *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)).  Common examples of such situations are when jurisdiction, venue, or immunity are preliminary issues.  *Id*.  Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied."  *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  An overly lenient standard for granting motions to stays due to pending dispositive motions would result in unnecessary delay in many cases.  That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery.  *Turner Broadcasting*, 175 F.R.D. at 556.[1]  Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

The Court finds that the Defendants have not made the strong showing necessary to support

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

the requested stay.  Defendants stress the importance of resolving immunity questions at the earliest possible stage in litigation.  *See Pearson v. Callahan*, 555 U.S. 223 (2009).  However, Defendants did not specifically articulate why immunity applies to all of Plaintiff's federal and state law claims in the motion for summary judgment.  Additionally, Nye County Defendants Anthony Demeo, and John Peter Hegge did not provide substantive arguments regarding why they are entitled to immunity.  A stay of discovery is inappropriate for parties for whom immunity was not argued or sought.

Moreover, the immunity issues raised in the motion for summary judgment involve conflicting versions of facts.  Plaintiff argues that discovery is necessary to obtain relevant information to assist her in opposing the motion for summary judgment.  A stay of discovery would prevent her from addressing the material facts that are in dispute.  This is unlike the situation in *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) where a stay furthered the goal of efficiency as discovery could not have affected the immunity issues raised in the motion for summary judgment.

Finally, the Court notes that the Defendants did not meet with Plaintiff prior to filing the motion to stay in accordance with Local Rule 26-7.  Without information from such a consultation, the Court lacks the ability to assess the breadth of the discovery and the prejudice, if any, that a defendant will suffer in responding to the Plaintiff's interrogatories and requests for production.  *See Brooks v. Macy's, Inc.*, 2010 WL 5297756, *2 (S.D.N.Y. 2010).  Accordingly,

**IT IS HEREBY ORDERED** that State Defendants' Motion to Stay Discovery Pending Court's Ruling on Motion for Summary Judgment (#65) is **denied**.

DATED this 23rd day of July, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**