UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TARA O'GRADY-SULLIVAN,
an individual,

                          Plaintiff,

          v.

THE STATE OF NEVADA, et al.,

                          Defendants.

Case No. 2:11-cv-00839-MMD-CWH

ORDER

(Def.'s Motion for Summary Judgment
– dkt. no. 57;
Def.'s Redacted Motion for Summary
Judgment – dkt. no. 61;
Plf.'s Motion for Leave to File Excess
Pages – dkt. no. 74)

## I.    SUMMARY

Before the Court are Defendants' Motions for Summary Judgment (dkt. nos. 57 and 61), as well as Plaintiff Tara O'Grady-Sullivan's Motion for Permission to File Overlength Combined Opposition to Defendants' Motion for Summary Judgment and Joinder (dkt. no. 74).  Because significant discovery remained to be conducted after the filing of Defendants' Motion, the Court denies the Motion pursuant to Fed. R. Civ. P. 56(d).

## II.    BACKGROUND

This case arises out of allegations that various law enforcement defendants violated Plaintiff's constitutional and state rights during the course of her roadside detention, arrest, confinement, and subsequent release.  (*See* dkt. no. 1-1.)   The relevant factual background is summarized in the Court's December 15, 2011, Order and will not be recounted here.  (Dkt. no. 39.)

After the Court's Order granting in part and denying in part Defendants' motion to dismiss, and upon leave of Court, Plaintiff filed her Amended Complaint on April 4, 2012. (*See* dkt. no. 48.)  While discovery was ongoing, Defendants filed under seal their Motion for Summary Judgment.   (*See* dkt. nos. 57 and 62.) Plaintiff filed her Response alongside her Motion for Permission to File Overlength Opposition. (*See* dkt. nos. 71 and 74.)  In her Response, Plaintiff argues that significant discovery has yet to be completed, and that Defendants' Motion should be denied on Rule 56(d) grounds. The Motion for Summary Judgment was filed on May 15, 2012, over three months in advance of the then-operative September 3, 2012, discovery cut-off.  (*See* dkt. no. 51.)

In the interim period, Defendants sought a stay of discovery pending this Court's ruling on their Motion for Summary Judgment.  (*See* dkt. nos. 65 and 66.)  That request was denied (*see* dkt. no. 78), though the discovery cut-off was once again extended to November 2, 2012 (*see* dkt. no. 88).

III.    **LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric*., 18 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir.

1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).  In

evaluating a summary judgment motion, a court views all facts and draws all inferences

in the light most favorable to the nonmoving party.  *Kaiser Cement Corp. v. Fishbach &*

*Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

 The moving party bears the burden of showing that there are no genuine issues

of material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In

order to carry its burden of production, the moving party must either produce evidence

negating an essential element of the nonmoving party's claim or defense or show that

the nonmoving party does not have enough evidence of an essential element to carry its

ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210

F.3d 1099, 1102 (9th Cir. 2000).  Once the moving party satisfies Rule 56's

requirements, the burden shifts to the party resisting the motion to "set forth specific

facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  The

nonmoving party "may not rely on denials in the pleadings but must produce specific

evidence, through affidavits or admissible discovery material, to show that the dispute

exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do

more than simply show that there is some metaphysical doubt as to the material facts."

*Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The

mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient."  *Anderson*, 477 U.S. at 252.

 Under Fed. R. Civ. P. 56(d), if, in response to a summary judgment motion, "a

nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

present facts essential to justify its opposition," the Court may defer consideration of the

motion, deny the motion, allow the parties time to complete additional discovery, or

grant other appropriate relief.  The party requesting additional time to conduct discovery

to oppose summary judgment "must show: (1) it has set forth in affidavit form the

specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3)

the sought-after facts are essential to oppose summary judgment."  *Family Home & Fin.*

1  *Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).   If the

2  nonmovant does not satisfy these requirements, the Court may rule on summary

3  judgment without granting additional discovery.   *Id.*   Rule 56(d) has been read as

4  "requiring, rather than merely permitting, discovery 'where the nonmoving party has not

5  had the opportunity to discover information that is essential to its opposition.'"

6  *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (*quoting Anderson*,

7  477 U.S. at 250 n. 5).

8  **IV.    DISCUSSION**

9          Plaintiff's counsel, Lisa Rasmussen, appended a declaration in support of

10  Plaintiff's Response describing the state of discovery in the case, and documents how

11  discovery yet to be conducted is essential to Plaintiff's case and demonstrating why

12  Plaintiff cannot present facts essential to opposition to summary judgment.   In particular,

13  at the time of Defendant's Motion, no depositions of any individual Defendant had been

14  conducted.   In addition, Plaintiff propounded written discovery requests on or near June

15  1, 2012, which remained unanswered at the time Plaintiff filed her Response.   (*See,*

16  *e.g.*, dkt. no. 71-A.)   Plaintiff also retained a police practice expert in support of her

17  action, but requires additional discovery in order to provide the expert with a complete

18  record to issue a final expert report.   (*See* dkt. no. 71-K.)   As represented by the parties

19  during a hearing before Magistrate Judge Hoffman, significant outstanding discovery

20  remained at the time the parties requested an extension of discovery on September 7,

21  2012.   (*See* dkt. no. 88.)   Defendants do not address the Rule 56(d) question in their

22  Reply or Joinder to the Reply.   (*See* dkt. nos. 90 and 91.)

23          In light of discovery yet to be completed at the time of the Motion's briefing, the

24  Court finds that Plaintiff cannot adequately oppose Defendants' Motion for Summary

25  Judgment.

26  **V.    CONCLUSION**

27          Accordingly, it is HEREBY ORDERED that Defendants' Motions for Summary

28  Judgment (dkt. nos. 57 and 61) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Permission to File Overlength Combined Opposition to Defendants' Motion for Summary Judgment and Joinder (dkt. no. 74) is DENIED.

DATED THIS 7th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE